The Chancellor.
The commissioners’ report of the division was confirmed January 8, 1844. The complainant’s mother died March 4, 1844. The bill was filed June 4, 1844; and states, that immediately after the division was approved, the defendant Ware commenced cutting, and that he -has cut down large quantities of timber and wood, and continues to commit waste, to the injury of the complainant’s inheritance. That he made a vendue of the standing timber, and sold it, in lots, to different persons, who had cut down large quantities of the wood and timber, and carried the same away, and threaten to continue to do so. That the defendants have hauled a large quantity of the timber cut, to and upon adjoining lands, and that a large quantity of the timber cut now lies on the premises where it was cut. The bill does- not state when the vendue was made; nor whether the wood and timber now lying on tho premises was cut before the mother died, or has been cut since.
The answer states, that all the sales were made in the life time of the wife of the defendant Ware; and that such is the situation of the lots which have been sold, some of them having but few trees standing, and those more or less injured by the fall of the surrounding timber. That the interests of the estate, and. of the party legally entitled, require that the timber sold be cut.
*121 It would seem, from the bill and answer, that the defendants commenced cutting before the wife of the defendant Ware died, and continued to cut after her death.
It is clear that the complainant, in the life time of his mother, who held the fee, could not have restrained his father from cutting. Is he, then, entitled to an account for what was cut in his mother’s life time 1 Possibly a case might arise in which it would be just and equitable to direct such an account; but ordinarily, account for waste done is only incidental to relief by injunction against further waste. 8 Atk. 262; 3 Paige 259; 1 Story’s Eq. Jur. sec. 518.
As to the timber that was cut after the death of the wife, it may be that an account will be ordered. As to the trees standard on lots that were sold, it may be to the interest of the infant’s estate in the lands that they be felled; they may, from the causes stated in the answer, be going to decay. If from such, or any other cause, timber on an infant’s land is in danger of decay, the Court may direct it to be cut. It will be referred to a master, to ascertain and report how much of the timber now lying on the premises or adjoining lands was cut after the death of the wife; and whether the interest of the estate requires that the trees standing on the lots, the timber on which was sold, should be felled.
The consideration of all further equity is reserved till the coming in of the report.
Order accordingly.