SAMUEL LIPPINCOTT, surviving executor of Ann H. Pancoast, deceased,

*v.*

SAMUEL BARTON and EDWARD B. BULLOCK, executors of David C. Pancoast, deceased.

The executors of a wife cannot maintain a bill against the executors of her husband, who survived her, for waste, in cutting trees on her lands which he occupied as tenant by the curtesy after her death, on the ground of equitable conversion, nor for an account of the proceeds of such trees.

*Mr. W. T. Hilliard,* for the complainant.

*Mr. E. S. Fogg,* for the defendants.

BIRD, V. C.

This bill is filed by the executor of Ann H. Pancoast, deceased, to recover the value of trees cut by her husband David C. Pancoast, who continued in possession as tenant by the curtesy of her lands after her death. The defendants, against whom the suit is instituted, are the executors of the tenant for life. It is claimed that this suit may be maintained in this court for the waste committed, on the ground of equitable conversion, and upon the ground of injustice to Clement G. Lippincott, one of the grandsons of David C. Pancoast, by whose will he has but $100 bequeathed him, while by the will of Ann H. Pancoast he has an equal interest with the other legatees.

Neither of these alleged grounds brings the case within the jurisdiction of this court. I have examined a number of authorities, and none of them goes so far as to sustain the complainant's insistment.

In *Ware* v. *Ware, 2 Hal. Ch. 117,* the doctrine, which is expressed in all the other authorities, is that an account for waste done is only incidental to relief by injunction against further waste. *1 Lead. Cas. in Eq. 1024; Jesus College* v. *Bloome, 3*

*Atk. 262; Winship* v. *Pitts, 3 Paige 259; Story's Eq.* §§ *515, 518.*

From these and other cases it appears that this court only has jurisdiction to compel an account as incidental to the right of an injunction to stay the commission of further waste, and that only in order to prevent a multiplicity of suits. *Grierson* v. *Eyre, 9 Ves. 341, 346; Watson* v. *Hunter, 5 Johns. Ch. 169; 1 Addison on Torts 319.*

Nor can I conceive of any principle upon which this complainant can stand in this court for the recovery of these moneys. If he is entitled to them he can recover them by an action at law for money had and received, or for the trespass in cutting, or trover in converting. *Rev. p. 396* § *5.*