## J. FREDERIC ANDREWS, APPELLANT, *v.* THE DAY BUTTON COMPANY, RESPONDENT.

*Landlord and tenant — substitution by the tenant of a new engine for an old one — conditional assent thereto by the landlord — the condition not binding on the tenant.*

A tenant applied to his landlord to have a new engine put in by the latter upon the demised premises in place of an old one, which was worn out. The landlord offered to consent to the lessee's making the change upon the condition that the engine should belong to him. Without assenting to this the lessee put in a new engine on the foundation of the old one which he removed.

*Held,* that although this was done after the tenant received a letter containing this conditional assent on the part of his landlord, yet as there was evidence that the tenant never accepted the condition, the title to the new engine, placed upon the old foundation by him, did not pass to the landlord.

APPEAL by the plaintiff from a judgment dismissing the complaint, rendered at a Special Term held in the county of Kings,

and entered in the office of the clerk of the county of Queens on the 21st day of May, 1889.

The action was brought to restrain the defendant from removing an engine placed by him in certain premises occupied by him under a lease from the plaintiff in the action.

*Michael H. Cardozo,* for the appellant.

*Gibson Putzel,* for the respondent.

Barnard, P. J.:

The evidence sustains the finding that the new engine was put into the place of the old one without any agreement that the new one should belong to the landlord. The landlord was applied to to put in the new engine himself and refused. He was requested to contribute to the expense and he refused that. He offered to consent to the lessee's making the change, upon the condition that the engine should belong to him. There was no assent to this, and the lessee put in the engine on the old foundation and removed the old engine. Although the tenant put in the new engine after he received a letter containing this condition, the evidence is plain and abundant that the tenant never accepted this condition, but exercised such right in respect to the change as he had as a tenant, hiring manufacturing premises for use as such. A tenant has the right to erect a new building on the rest of the demised premises, and to remove the old one therefrom, so as to permit this improvement without waste. (*Winship* v. *Pitts,* 3 Paige Ch., 259.) A building erected for the purpose of trade or manufacture may be removed by the tenant. (*Ombony* v. *Jones,* 19 N. Y., 234.) The tenant may put in an engine and remove it at the end of the term. (*Kelsey* v. *Durkee,* 33 Barb., 410.) The tenant may remove a chimney and the machinery put in for the purpose of trade. (2 R. S. [2d ed.], 24.)

The title to the new engine was never, therefore, in the landlord. There is no reason to distinguish this case from those cited, because the building or engine was put in a vacant place and was not substituted for another similar structure or implement of trade. Admit that the tenant had the right to put up a new foundation, and place an engine upon and connect it with the mill, he may substitute a new article for a worn-out one, and he may remove a dangerous

engine and put in a safe one in its place, always subject to the condition that the same could be put in and taken out without injury to the realty. The proof is clear in this case that the engine could be removed without injury to the building, and that fact is so found. There was no intention to make the new engine real estate, and that fact is found and the evidence sustains the finding. The clause in the lease that the tenant would make no alterations in the premises is not material to the question. The tenant's rights depended in all cases upon the fact that the article annexed should not materially injure or affect the real estate, and that the removal can be made without any injury therefrom.

The judgment should, therefore, be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.