J. FREDERIC ANDREWS, Appellant, *v.* THE DAY BUTTON COMPANY, Respondent.

Plaintiff executed a lease, for a term of years, of certain premises, consisting of a factory, engine and boiler-house in which were an engine and machinery; the lease contained a covenant that the lessee would not make any alteration in the premises without the consent of plaintiff, "under the penalty of forfeiture." The engine being worn out and dangerous, the lessee requested plaintiff to share with him the expense of taking it out and putting in a new one; this plaintiff declined to do. Thereupon the lessee advised plaintiff by letter that it should remove the old engine, protect it from the weather, leave it upon the premises and substitute one of its own for use. Plaintiff replied that he had no objections to the exchange, provided the new engine was placed on the same foundation and a receipted bill given to him therefor. The old engine was so affixed to the foundation that it could be removed and a new one substituted without injury to the foundation or the building. The lessee removed the old engine, placed it under cover, and put in a new one on the old foundation. In an action to restrain defendant, who had succeeded to the rights of the lessee, from removing the new engine from the premises, *held*, that the substitution thereof was not necessarily an alteration, and as it appeared that no substantial alteration was made, and that, on removal of the new engine, the old one could be replaced, plaintiff's consent to the substitution was not requisite; that therefore there was no legal obligation resting upon the lessee which would necessarily charge it with the terms or conditions upon which plaintiff assumed to consent; that as the lessee did not in fact accede to those terms, but proceeded upon a declared purpose to the contrary, plaintiff took no title to the engine; that the lessee had the right to make the change and defendant to remove the new engine; and so, that the action was not maintainable.

*L'Amoreux* v. *Gould* (7 N. Y. 349); *Willetts* v. *Sun Mut. Ins. Co.* (45 id. 45); *White* v. *Baxter* (9 J. & S. 358; 71 N. Y. 254), distinguished.

Reported below, 55 Hun, 494.

(Argued March 21, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The relief sought by this action was that the defendant be restrained from removing an engine from certain premises which the plaintiff had, by lease of date March 26, 1886, demised to the Fox Changeable Button Company for the term of five years and six months from the first of the then-following April. The lease contained a covenant on the part of the lessee that it would not make any alteration in the premises without the consent of the plaintiff, "under the penalty of forfeiture and damages." The demised premises consisted of a brick factory, an engine and boiler-house, in which and covered by the lease were boilers, engine, grinding mills, shafting and steam pumps.

The lessee, soon after the commencement of the term, took out the engine and put a new one in its place to operate the machinery. The defendant afterwards acquired by purchase the rights of the lessee in the demised premises and title to its personal property therein, and before the commencement of the action, had threatened to remove the engine so put in there by the lessee.

Further facts are stated in the opinion.

*Michael H. Cardozo* for appellant. The assent of the parties to a contract may be shown as well by their acts as by their words. (1 Whart. on Cont. § 6 ; Chitty on Cont. [11th Am. ed.] 86 ; *Roberts* v. *Hayward*, 3 C. & P. 432 ; *Patten* v. *Hood*, 40 Me. 457 ; *C. B. Co.* v. *Abbott*, 4 Cush. 573 ; *White* v. *Baxter*, 9 J. & S. 358 ; *Willetts* v. *S. M. Ins. Co.*, 45 N. Y. 45 ; *L'Amoreux* v. *Gould*, 7 id. 349.) The defendant and his assignor had absolutely no right to remove the old engine and substitute a new one without the permission of the owner. (*Agate* v. *Lowenbein*, 57 N. Y. 604.)

*Gibson Putzel* for respondent. The new engine having been placed in the engine-house by the lessee for trade purposes and with the intention of removing it on the termination of the lease, remained personal property and did not become a fixture. (*Elwes* v. *Mawe,* 3 East. 22; *Miller* v. *Plumb,* 6 Cow. 665; 2 Kent's Comm. [7th ed.] 345; *Walker* v. *Sherman,* 20 Wend. 636; *Potter* v. *Cromwell,* 40 N. Y. 287; *House* v. *House,* 10 Paige, 163; *Holmes* v. *Tremper,* 20 Johns. 29; *Van Ness* v. *Pacard,* 2 Pet. 137; *Dubois* v. *Kelly,* 10 Barb. 496; *Moore* v. *Wood,* 12 Abb. Pr. 393; *Kelsey* v. *Durkee,* 33 Barb. 410; *Voorhees* v. *McGinnis,* 48 N. Y. 278; *Tifft* v. *Horton,* 53 id. 377; *Sisson* v. *Hibbard,* 75 id. 542; *McRea* v. *C. N. Bank,* 66 id. 489; *Davidson* v. *W. G. Co.,* 99 id. 568.) There was no express or implied contract between the plaintiff and the Specialty Button Company that the new engine should belong to the former. (*White* v. *Baxter,* 71 N. Y. 224; *Train* v. *B. D. Co.,* 144 Mass. 533; *C. B. Co.* v. *Abbott,* 4 Cush. 473; *Whitney* v. *Sullivan,* 7 Mass. 107; *Earle* v. *Coburn,* 130 id. 590.) The removal of the old engine did not constitute waste. (*Van Ness* v. *Pacard,* 2 Pet. 137; Washb. on Real Prop. 1, 114; *Clemence* v. *Steere,* 1 R. I. 272; *Austin* v. *Stevens,* 24 Me. 520; *Washburn* v. *Sproat,* 16 Mass. 449; *Holbrook* v. *Chamberlin,* 116 id. 155; *Jones* v. *Chappell,* L. R. [20 Eq.] 539; *Young* v. *Spencer,* 10 B. & C. 145; *Jackson* v. *Tibbits,* 3 Wend. 341; *Beers* v. *St. John,* 16 Conn. 322; *Winship* v. *Pitts,* 3 Paige, 261; *Agate* v. *Lowenbein,* 57 N. Y. 604; *Cooper* v. *Cooper,* 147 Mass. 373.) In determining whether property retains the character of personalty or becomes a fixture, the purpose of the annexation and the intent with which it was made are the most important considerations. (*McRae* v. *C. Bank,* 66 N. Y. 489.)

BRADLEY, J. The action was founded upon the charge that the lessee had no right to remove the old engine and substitute the new one without the permission of the plaintiff; that his consent was given upon the condition that the new engine should belong to him, and that the old engine was taken out

and the new one put in pursuant to such consent. If the evidence required the adoption of those propositions, the plaintiff was entitled to the relief sought by the action. But the trial court refused to find that the lessee made such removal and substitution pursuant to the permission of the lessor, and to such refusal exception was taken. This was an important question of fact. And on that subject evidence on the part of the defendant was to the effect that the engine in the building at the time of the demise was unsound, worn out and dangerous to use; that the plaintiff was advised of its condition, and requested to make an arrangement to share with the lessee the expense of taking it out and putting a new one in its place; that he declined to do so, and that the lessee thereupon concluded to do it, and advised the plaintiff by letter that it should remove the old engine, protect it from the weather, leave it upon the premises and substitute one of its own to use in place of it. A few days after this communication was made to the plaintiff, the lessee received from him a letter as follows:

"NEW YORK, *April* 6, 1886.

" *The Fox Changeable Button Company:*

" GENTLEMEN.— In regard to engine in my factory at Astoria, I have no objection to your changing it for a smaller one, providing you place the engine which you receive on same foundation and give me a receipted bill for new engine.

"I am yours truly,

"J. F. ANDREWS."

The old engine was, by the lessee, afterwards taken out, placed under cover in the yard of the premises, and the new one placed on the foundation which had supported the one removed. There was no express agreement of the lessee to vest in the plaintiff title to the new engine. But it is argued that the consent of the plaintiff was essential to the right to do what was done in that respect, and, therefore, a promise on the part of the lessee to comply with the condition upon which the permission of the plaintiff as expressed in his letter was given, was necessarily implied. This would be so if the lessee

must be deemed to have accepted the terms upon which the plaintiff's consent appeared by his letter to have been given. Then there would have arisen a contract rendered effectual by performance. (*L'Amoreux* v. *Gould*, 7 N. Y. 349; *Willetts* v. *Sun Mut. Ins. Co.*, 45 id. 45; *White* v. *Baxter*, 9 J. & S. 358; 71 N. Y. 254.)

The doctrine of those cases is that a promise without mutuality may be supported by subsequent performance of that in consideration of which the promise was made.

In the present case there was no promise in fact of the lessee to give the plaintiff the benefit of the title to the new engine, but the express declaration of the representative of the lessee may have been construed as repugnant to the implication of a promise to do so. And in such case the law will imply a promise, only when there is a legal duty or obligation to support it. (*Whiting* v. *Sullivan*, 7 Mass. 107; *Central Bridge Co.* v. *Abbott*, 4 Cush. 473; *Earle* v. *Coburn*, 130 Mass. 596.) And it may be added that as a rule, when the owner of property having the rightful power to withhold it and its use, prescribes the terms upon which it may be taken, appropriated or used by another, who takes it advised of the terms, the latter will be deemed to have acquiesced and may be charged with the promise to comply with them. The plaintiff's proposition is that the lessee had no right without his consent to remove the one and substitute the other engine, and having applied to the plaintiff for permission, which was granted upon terms, the lessee must be deemed to have proceeded pursuant to the right so given, and, as the consequence he took title. This view is plausable and apparently forcible. The evidence, however, on the part of the defendant tends to prove that the lessee did not apply to the plaintiff for his consent to make the change, but simply to induce him to enter into an arrangement to share the expense of putting in the new engine; and that not obtaining the plaintiff's assent to do so, the lessee assumed the right to take out the old engine, put in a new one in its place and retain title to the latter. And the trial court accordingly found that the lessee had no design

or intention at any time of attaching the engine to the freehold, but on the contrary the intention of the lessee at the time of placing it in the engine-house was to remove it on the determination of the lease. This finding was warranted by evidence, and whether it is effectual to support the defendant's claim of title to the engine, becomes a question of law. As between landlord and tenant, the latter, except so far as his rights are limited by the lease, is at liberty to erect structures for the purpose of carrying on his legitimate business upon the demised premises and remove them within the term, unless the effect will be to commit waste or to do serious injury to the realty. (2 Kent's Com. 345; *Miller* v. *Plumb*, 6 Cow. 665; *Ombony* v. *Jones*, 19 N. Y. 234; *Globe Marble Mills Co.* v. *Quinn*, 76 id. 23; *Kelsey* v. *Durkee*, 33 Barb. 410; *Trappes* v. *Harter*, 2 Crompton & M. 153.)

The covenant of the lessee that he would not make any alteration in the premises without the consent of the landlord, was only an undertaking imposed by law, which is to the effect that any material and substantial change or alteration of the nature of the property is waste. (*Agate* v. *Lowenbein*, 57 N. Y. 604.) And it is such, although it may not in its consequences be prejudicial to the landlord. The expression of the chancellor on the subject in *Winship* v. *Pitts* (3 Paige, 259), was that the tenant has no right "to make improvements or alterations, which will materially and permanently change the nature of the property, so as to render it impossible for him to restore the same premises substantially at the expiration of the term."

The substitution of the new engine for use by the tenant in place of the old one and the suspension during that time of the use of the latter, was not necessarily an alteration or change of the nature of the premises in any substantial respect. The tenant clearly had the right to place a new engine upon another foundation if room permitted it, and to allow the old one to remain idle. And in such case the right of the tenant to take away the one so placed there would have been clear.

There was evidence to the effect that the old engine was in no condition for use with safety, and that it was essentially useless for the purposes of the business of the factory. And the findings of the court, supported by evidence, were to the effect that the old engine was so affixed to the foundation on which it rested that it could be removed from it and from the engine-house and the new engine taken in and substituted for it without injury to either the foundation or the building. And the conclusion was permitted by the evidence that it was so done as to produce no injury to the premises or to the engine so taken out. It would, therefore, seem to follow that no substantial alteration was made in the situation, condition or nature of the premises, but that on removal of the new engine the old one could be restored to the foundation from which it was taken. In this view there was no legal obligation to necessarily charge the lessee by implication with the terms or conditions upon which the plaintiff assumed to consent to the removal of the old engine and the substitution of the new one by the lessee. And as the latter did not in fact accede to the terms, which the plaintiff sought to impose, but proceeded upon the declared purpose to the contrary, the plaintiff took no title to the engine in question.

The determination of the trial court of the questions of fact founded upon conflicting evidence must, for the purposes of this review, be deemed conclusive.

None of the exceptions were well taken.

The judgment should be affirmed.

All concur, except Parker and Landon, JJ., dissenting.

Judgment affirmed.