(54 Misc. Rep. 56)

CHAMBERLAIN et al. v. CHILDS' UNIQUE DAIRY CO.

(Supreme Court, Special Term, New York County. April, 1907.)

INJUNCTION—CONTINUING TRESPASS—MANDATORY INJUNCTION.

     Though defendant, a tenant, had no right to cut an arched opening through the wall of a building on demised premises, he will not be compelled pendente lite to seal up the portions of the wall which he has cut, where the complaint is based on the theory of a continuing trespass, and no impairment in the safety of the building or irreparable injury is shown by the facts alleged.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 101.]

Action by Samuel S. Chamberlain against the Childs' Unique Dairy Company. Motion for an injunction denied.

See 104 N. Y. Supp. 912.

Clarence J. Shearn, for plaintiff.
Hotchkiss & Barber, for defendant.

GREENBAUM, J. When the previous motion for an injunction in this case was before me, I referred to Agate v. Lowenbein, 57 N. Y. 604, 612, as authority for the proposition that where a tenant has committed waste, and thereby "has gone beyond the powers conceded by the lease, he has either been restrained by injunction, or compelled at once to make satisfaction, or to restore the premises to the condition in which he found them." After the denial of the former motion, the present motion was made for a mandatory injunction to compel the defendant to seal up the portions of the wall, which he had cut without any justification.

It is now urged in opposition to this motion that the above-quoted expression of opinion in Agate v. Lowenbein, supra, was obiter dictum. The Agate Case was an action at law for damages, and the important question discussed was whether the action was premature in being brought before the termination of the lease, and it may be fairly said that the criticism of defendant's counsel is correct. The authorities, however, cited in the Agate Case, seem to hold in favor of the proposition that, where waste has been committed, a tenant may be required to restore premises to their original condition. Indeed, justice would seem to require that a tenant in a case presenting the features here disclosed should be compelled to restore the wall, and not remit the landlord to an action at law, and should not be permitted to continue to reap the fruits of his unlawful acts. I realize, however, that a mandatory injunction is rarely granted pendente lite, and my only hesitancy in granting it in this case, where no excuse is given for the wanton act of waste alleged, is that I have serious doubt whether, under the allegations and the affidavits submitted, the summary power of the court should be exercised.

A brief review of some of the authorities bearing upon the question may be in order. In Watson v. Hunter, 5 Johns. Ch. (N. Y.) 169, 9 Am. Dec. 295, it was held that ordinarily the court will interfere to prevent or stay further waste, and the court will not, unless under very special circumstances, grant an injunction where waste has been committed. The same rule was recognized in Winship v. Pitts, 3 Paige (N. Y.) 259. Equity has entertained jurisdiction in cases of waste upon the principle of preventing a needless multiplication of suits, as where future waste was threatened; the general rule being recognized that "the commission of waste was a tort and the remedy at law." Watson v. Hunter, 5 Johns. Ch. (N. Y.) 170.

Section 968 of the Code of Civil Procedure makes an action for waste triable by a jury. Section 1681 of the Code of Civil Procedure authorizes an injunction during the pendency of an action restraining a defendant "from the commission of any further waste upon or damage to the property." But, if it be assumed that under appropriate allegations showing a continuing or threatened damage to the property from waste committed the injunctive power may and should be exercised, an examination of the complaint in this action shows that the pleader framed it upon the theory of a continuing trespass, which

in my judgment, as explained in the memorandum handed down on the previous motion, was not applicable to the state of facts here dis-closed. There are no facts alleged showing an impairment in the safety of the building, or from which an irreparable injury may flow to the plaintiff; nor is it apparent that a needless multiplicity of suits may be avoided; nor are any special circumstances alleged which would call upon the court for the unusual relief here sought.

Hence I am of the opinion that a mandatory injunction should not issue. Settle order on notice.