[No. 5305.]
[No. 2943 C. A.]

THE CRANDALL INVESTMENT COMPANY V. ULYATT.

**Landlord and Tenant—Improvements by Tenant—Fixtures—Removal During Term.**

A tenant holding over a few days after the expiration of his lease, under an agreement that he might do so upon payment of rent, was prevented by the landlord from removing a large single door which he had substituted for two small ones without architectural alterations being made, with the intention of replacing the small doors before the expiration of his lease. Held, that he was entitled to recover from the landlord the reasonable value of the large door.—P. 36.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Action by Gustave Ulyatt against The Crandall Investment Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Mr. N. Q. TANQUARY, for appellant.

Mr. C. K. PHILLIPPS, for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

The facts material to a decision of the only important question in this case may be summarized thus:

October 1, 1891, appellee entered into a written lease of business premises with the then owner thereof for a term of three years; at his own expense he substituted a single door for two small doors at the principal or front entrance of the premises, without structural alterations being made, and stored the two small doors, with the intention of removing the single door and replacing the two small doors before the expiration of the tenancy; October 14, 1901, the term

of the lease was extended until September 30, 1902; whether this extension was in writing does not appear; May, 1902, appellant purchased the premises; October 2, 1902, while removing the large door with the intention of replacing the two small doors, appellee was notified by the agent of the owner of the premises not to do so, and was prevented from so doing; appellee, at this date, was holding over under an agreement that he might do so for a few days upon payment of rent.

This action was to recover the value of the door.

Trial to the court resulted in a judgment for appellee for $50.00.

Under the admissions of the answer and the evidence, the court was warranted in finding that the occupancy of the tenant, at the time he was attempting to remove the door, was in virtue of an extension of the lease dated October 1, 1898, and not under a new lease, as claimed by counsel for appellant in their brief.

This being true, the case falls within the principle announced in *Ross v. Campbell,* 9 Colo. App. 38, which case is decisive of this, against the contention of appellant.

It is apparent from the record, that in the court below appellant defended upon the theory that the door was not a removable fixture. There was ample justification in the evidence for resolving this question against the contention of appellant, and upon the evidence we cannot say that the judgment awarded was excessive.

The complaint stated facts sufficient to constitute a cause of action.

The judgment will be affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CASWELL concurring.