BARTHOLOMAY BREWERY CO. v. DAVENPORT et al.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

FIXTURES (§ 15*)—REMOVAL—FIXTURES SUBSTITUTED BY TENANT.

Though a bar installed by a tenant is in its nature a trade fixture, yet it having been substituted for an old bar, and consent of the landlord therefor, or preservation of the old one for replacement in removal of the new one, not being shown, the tenant has no right of removal.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 23–29; Dec. Dig. § 15.*]

Appeal from Trial Term, Tioga County.

Action by the Bartholomay Brewery Company against Herman B. Davenport and another. From a judgment for plaintiff, defendant Hanna M. Manning appeals. Reversed, and new trial granted.

See, also, 155 App. Div. 884, 139 N. Y. Supp. 1116.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Charles C. Annabel, of Waverly, for appellant.
Howard & Sebring, of Waverly, for respondent.

SMITH, P. J. This is an action of replevin brought to recover possession of a certain bar and other barroom fittings claimed to have been loaned by respondent to Frank H. Phalen and Leo Whalen in May, 1909. Said last-mentioned parties at that time were the lessees of the appellant Manning, who was and still is one of the owners of the Langford Hotel in the village of Waverly, N. Y. Said lessees thereafter transferred their lease to one Shattuck, and he, in turn, to the defendant Davenport, who was in actual possession of the goods at the time the action was brought. The appellant was made a party defendant by reason of her claim of some interest in or title to the goods. Judgment was demanded for the possession of the chattels, or for the sum of $370 as their value, together with $100 damages for

their alleged wrongful detention. At the close of the evidence both parties asked for the direction of a verdict. Appellant's counsel afterwards asked for a submission of the case to the jury, which the court refused on the ground that there was no question of fact for the jury, and thereafter rendered his decision. The judgment entered thereupon was against both defendants and gave possession of the articles, with costs, to the respondent, or, in the alternative, allowed a recovery against said defendants for $250, the value as found of the goods in question, together with costs. From this judgment the defendant Manning alone has appealed.

It appears that, when this hotel property was leased to Phalen and Whalen, it contained a bar which had been in use for some years, and was in poor condition in certain respects. The present bar and appliances were installed in the place of the old bar within three months after the lease was entered upon. The evidence is uncontradicted that such bar and appliances were merely loaned by respondent to the lessees of the premises; the agreement being that said lessees should have the use of them only so long as they should buy their beer of respondent. Their successors in the business, Shattuck and Davenport, both knew of this agreement, but the latter did not purchase beer of respondent, which thereupon attempted to regain possession of the bar after due demand made on both appellant and Davenport her then tenant. In her answer appellant claims in effect that the bar is a part of the realty, and as such belongs to her or to both her and her co-owner of the real property leased.

It may be admitted that this bar and appliances would fairly come within the description of trade fixtures so as to be removable by a tenant at any time during his tenancy, but in this case there is the important fact that these articles were not merely additions placed upon the realty by the tenants for the more convenient carrying on of their business where no such appliances had existed at the time the lease was entered into, but they were really substitutions for similar appliances owned by the landlords and leased as a part of the premises. Respondent knew through its representatives who saw the premises before the placing of the new bar that it was to take the place of the old bar then in use. No consent for the removal of either bar at any time from either owner of the real estate was shown, nor was any evidence introduced as to what disposition was made of the old bar and appliances. The rule as to substituted trade fixtures is laid down as follows:

"Trade fixtures that are in substitution for essential parts of the leased premises and not additions thereto are not removable, but are presumed to be permanent additions." 19 Cyc. 1066.

See, also, to the same effect, Ewell on Fixtures, note, p. 146, and the following cases: Ex parte Hemenway, Fed. Cas. No. 6,346; Ashby v. Ashby, 59 N. J. Eq. 536, 544, 545, 46 Atl. 528; Squire & Co. v. Portland, 106 Me. 234, 239, 240, 76 Atl. 679, 30 L. R. A. (N. S.) 576, 20 Ann. Cas. 603.

If there had been any evidence in the case that the old bar and fittings had been preserved with a view to their subsequent replacement at any time that the new bar might be removed by the respondent, a

142 N.Y.S.—61

different question would be presented. Upon such a state of facts the new bar might under the circumstances disclosed in the case be a trade fixture, even although used in temporary substitution for the old bar, and as such would be removable as against a landlord by any tenant or one claiming under a tenant, at least upon the condition that the old bar should be replaced. See Andrews v. D. B. Co., 132 N. Y. 348, 353, 354, 30 N. E. 831; Crandall Investment Co. v. Ulyatt, 40 Colo. 35, 90 Pac. 59.

The foregoing views render it unnecessary to discuss the other points raised by the appellant in this case.

Judgment reversed and a new trial granted, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to appellant to abide event. All concur.