Arthur Wachtel, J.
The tenant herein claims that a refrigerator belonging to the landlord was defective and that she caused it to be removed to the basement of the building and installed her own refrigerator in its place, without the specific consent of the landlord. There is no written lease specifically defining the rights and obligations of the parties with respect to the maintenance of the refrigerator. The landlord contends that the act of the tenant constitutes an act of waste, and consequently a violation of a substantial obligation of the tenancy under subdivision 1 of section 52 of the State Rent and Eviction Regulations and brings this holdover proceeding accordingly.
The rule has been laid down in cases where the tenant makes a physical change or alteration without the landlord’s consent, and the landlord claims that the tenant has thereby violated the specific covenant in the lease with respect thereto in Andrews v. Day Button Co. (132 N. Y. 348, 353 [1892]) as follows: “ The covenant of the lessee that he would not make any alteration in the premises without the consent of the landlord, was only an undertaking imposed by law, which is to the effect that any material and substantial change or alteration of the nature of the property is waste. (Agate v. Lowenbein, 57 N. Y. 604.) * * * [T]he tenant has no right ‘ to make improvements or alterations, which will materially and permanently change the nature of the property, so as to render it impossible for him to restore the same premises substantially at the expiration of the term.’ ”
*32 In Lansis v. Meklinsky (10 A D 2d 649) the Appellate Division, Second Department, recently held that the action of the tenant in removing a sink and stove from his apartment and placing them intact in the basement of the leased premises and in then having the tenant’s own sink and stove installed in his apartment did not constitute an alteration within the meaning of the lease. It is true that in that case there was evidence at the trial that the landlord had orally consented to the substitution of the sink and'stove. However, the opinion was based solely upon the conclusion of the court that it did not constitute an alteration within the meaning of the lease.
Similarly in the case at bar the substitution of the new refrigerator for the old did not constitute an “ alteration ” nor such a ‘ ‘ material or permanent change in the nature of the property ” as to constitute waste or a violation of a substantial obligation of the tenancy within the meaning of subdivision 1 of section 52 of the State Bent and Eviction Begulations. Accordingly, the petition is dismissed on the merits.