Arthur Wachtel, J.
The landlord seeks a final order of eviction on the ground that the tenant replaced old, used cabinets, with new ones, and contends that this constitutes waste and a violation of a substantial obligation of the tenancy. The importance of this matter cannot of course be disregarded. Countless tenants would be affected by the decision in this case, for if this were a basis for eviction of tenants the door would be opened to evictions in almost every case where a landlord refuses to permit the tenant to improve the apartment, perhaps even to drive nails into the wall to hang shelves, pictures, curtains or medicine cabinets. The law obviously cannot permit such a reductio ad absurdum. Nor is this the law.
“ It is the well settled rule that a tenant, in the absence of restrictions contained in a lease, may occupy and use the demised premises in any lawful wáy not materially different from the way in which they are usually employed, to which they are adapted, and for which they were constructed. The right to exclusive occupation granted to a tenant by a lease entitles him to use the premises in the same manner that the owner might have used them. However, the tenant must not do anything that injures the inheritance or which constitutes waste.” (1 Rasch, Landlord and Tenant, § 354, pp. 334-335 and cases therein cited.) The real inquiry in all cases involving alterations made by the tenant is whether there is damage done which injures the reversion (Agate v. Lowenbein, 57 N. Y. 604, 614). If a lessee makes extensive alterations, takes down and removes a number of partitions and doors, gas fixtures, chandeliers, and plumbing in order to convert the premises into a hotel, causing serious injury to the reversion and substantially diminishing the value of the property he commits waste (Agate v. Lowenbein, supra). At common law if he materially and permanently changes the nature and character of the building, as where he completely *466 changes the interior arrangement of a portion of the premises by removing some partitions and erecting others, by placing the wooden framework for a store frame in the place where brick piers had previously stood, it is waste even if the value of the property is enhanced (McDonald v. O’Hara, 117 Misc. 517) particularly where such alterations “ render it impossible for him to restore the same premises, substantially at the expiration of the term.” (Winship v. Pitts, 3 Paige Ch. 259, 262.) But if a tenant leases a factory and requires an engine in good working order to run the machinery, and without the owner’s consent removes the old, worn-out and dangerous engine, and installs a new one, he does not commit waste and does not violate the clause of the lease prohibiting alterations without the consent of the landlord if such replacement is done without injury either to the foundation or to the building, or to the old engine. (Andrews v. Day Button Co,, 132 N. Y. 348.) For in such a case 11 no substantial alteration was made in the situation, condition or nature of the premises, but on the removal of the new engine the old one could be restored to the foundation from which it was taken” (p. 354). (See, also, Brooklyn Props. v. Cargo Packers, 1 A D 2d 1040 [2d Dept.].)
Similarly, where the tenant leases the premises to conduct a restaurant, the installation by him of three air-conditioning units, each weighing 750 pounds not attached to the floor or walls, standing on their own support, requiring no new or additional power lines, does not constitute “alteration” or such substantial change which varies the form or nature of the building (Leong Won v. Snyder, 94 N. Y. S. 2d 247) but is a permissible exercise of the tenant’s “ right to the use and enjoyment of the premises for the express purpose of the leasing” (p. .250). So, also, where a tenant removes the landlord’s sink and stove (Lansis v. Meklinsky, 10 A D 2d 649), or the landlord’s refrigerator (Parker v. Johnson, 26 Misc 2d 31) and replaces them with his own without the landlord’s consent, he does not violate the covenant of the lease prohibiting “ alteration ” without the landlord’s consent (Lansis v. Meklinsky, supra), nor does he violate a substantial obligation of the tenancy under subdivision 1 of section 52 of the State Rent and Eviction Regulations (Parker v. Johnson, supra). Following these authorities it has been held that in the absence of a specific covenant in the lease prohibiting the use of washing machines without the landlord’s consent, the use of a movable washing machine not permanently attached or affixed to the existing plumbing or electric lines, but connected during use by rubber hoses with the sink faucets and drain, does not constitute a *467 violation of a substantial obligation of the tenancy, for it is a reasonable and proper exercise of the tenant’s “ use and enjoyment ” (A. & B. Cabrini Realty Co. v. Newman, 237 N. Y. S. 2d 970).
The landlord endeavors to distinguish the court’s ruling in Parker v. Johnson (supra) on the ground that the latter case involved a refrigerator which was not permanently attached to the freehold, and this case involves “built-in-cabinets”. However, there is no proof that the improvement made by the tenant in the course of the proper use and enjoyment of the premises involved an injury to the reversion. It in fact enhanced its value. Nor is there any proof that it constitutes a substantial and permanent change on the nature and character of the building premises. The tenant testified the old cabinets hung only on two nails and there was a hole in the ceiling above it with an exposed BX cable.
It is noteworthy that even the common-law rule which prohibits material and substantial alterations which enhance the value of the property (Kidd v. Dennison, 6 Barb. 9, 13) has been changed by the Legislature by section 537 of the Beal Property Law, so that where the alteration is essential to the proper use of the premises and increases its value, it may be made if it is “ one which a prudent owner of an estate in fee simple absolute in the affected land would be likely to make in view of the conditions existing on or in the neighborhood of the affected land ” provided, among other specified conditions, it is not in violation of any agreement (see 1935 Report of N. Y. Law Rev. Comm., p. 345 et seq.; N. Y. Legis. Doc., 1936, No. 65F; N. Y. Legis. Doc., 1937, No. 65D).
Accordingly, petition is dismissed on the merits.