Jacob Markowitz, P. J.
(dissenting). I dissent. As the well-written opinion of the trial court observes (Nttsbattm, J., 69 Mise 2d 1010): “ The landlord has failed to establish to this court’s satisfaction that the alleged ‘ alterations ’ of the leased premises constitute waste or violated a substantial obligation of the tenancy. The changes made were purely decorative in nature and cannot be regarded as structural, or alterations which required the landlord’s consent.”
Tenant is a statutory tenant. The so-called “alterations” landlord complains of consisted of installation of wallpaper, removal of kitchen cabinets and their replacement, installation of a “hung ceiling” in the living room, and installation of 10 lighting fixtures. The Trial Judge found (p. 1011) that the “ removal of the old painted cabinets in the kitchen and their replacement with new oak veneer cabinets, considerably improved the appearance of the kitchen and the installation of false bulkheads in the living room to conceal recessed lighting fixtures and the box canopy built over the bed in the bedroom, do not fall within the scope of the definition ’ ’ of structural changes or alterations in Wall Nut Prods. v. Radar Cent. Corp. (20 A D 2d 125).
He credited the testimony of the interior decorator called by the tenant as to the ease with which the improvements made by the tenant could be removed.
In Wall Nut Prods. v. Radar Cent. Corp. (supra), Stevens, J., now P. J., writing for our unanimous Appellate Division, said (pp. 126-127): “A structural change or alteration is ‘ such *627 a change as to affect a vital and substantial portion of the premises, as would change its characteristic appearance; the fundamental purpose of the erection; or the uses contemplated, or a change of such a nature, as would affect the very realty itself, extraordinary in scope and effect, or unusual in expenditure ’ [citing Pross v. Excelsior Cleaning & Dyeing Co., 110 Misc. 195, 201 and other cases]
Easch, New York Landlord and Tenant (2d ed.), states the general rule on the subject of alterations as follows (§ 446): “ As a general rule, when premises are leased, the right to use them during the term is transferred from the landlord to the tenant, and in the absence of a contrary provision in the lease, the tenant has the sole and exclusive right to the occupation and control of the leased premises during the term. The right to exclusive occupation granted to a tenant by a lease entitles him to use the premises in the same manner that the owner might have used them, subject, however, to the qualification that he must not do anything that injures the inheritance or which constitutes waste.”
The real inquiry in all cases involving alterations made by a tenant, says Easch, is as to-whether there is damage done which injures the reversion (ibid., § 452).
Even in the case of a commercial tenancy, except “ As the tenants rights -may be limited by the terms of the /lease, the tenant is at liberty * * * to make non-structural alterations, for the purpose of carrying on his ligitimate business on the demised premises, and to remove them within the term, provided such * * * iterations will not do any serious injury to the realty ” (ibid., § 455); and even where the lease requires that no alterations may be made without the landlord’s consent, such nonstructural alterations may be made without the landlord’s consent, provided the alterations will not injure the reversion and are reasonbly necessary to enable the tenant to use the premises in the manner set forth in the lease (ibid., § 460; see, also, Brooklyn Props. v. Cargo Packers, 1 A D 2d 1040),
This court had a situation before it similar to that at bar in Davit Realty Corp. v. Arlotta (April, 1968, No. 122). In that case the tenant had removed two closets from the bedroom and two doors within the apartment, had built a closet in the bedroom, had replaced a stove supplied by the landlord and had maintained a washing machine. We held that these did not constitute structural changes, and affirmed a final judgment dismissing the petition (see, also, Lansis v. Meklinsky, 10 A D 2d 649; Sigsbee Holding Corp. v. Canavan, 39 Misc 2d 465, affd. by this court *628 Oct. 1963, No. 171; Parker v. Johnson, 26 Misc 2d 31; Beal Property Actions and Proceedings Law, § 803).
The subject lease was made in May of 1967 for a two-year term beginning June 1,1967. Tenant is a physican. Paragraph 35 of the lease, inserted in longhand, reads: ‘ Tenant covenants that the apartment will be used as a residence and as an office for the conduct of tenant’s occupation, and it is agreed that this covenant is a substantial obligation of the tenancy. ’ ’ The alterations made by tenant must be viewed in light of these provisions authorizing use of the premises as a medical office as well as a residence. In this light, and as we hold in Sigsbee Holding Corp. v. Canavan (supra), the issue whether the changes constituted a substantial violation of the tenancy was an issue of fact the determination of which below was founded on .sufficient evidence and should not be upset by this court.
The law abhors a forfeiture. Granting landlord final judgment constitutes a forfeiture of tenant’s rights as a statutory tenant. Indeed, it goes further — it not only decontrols the apartment, but, in addition, gives landlord a windfall in the form of the improvements, which cost tenant $3,000, aside from the fee of the decorator. Justice between the parties calls for no such harsh results from tenant’s efforts to make his apartment more livable.
Nor is landlord without remedy. Brooklyn Props. v. Cargo Packers (1 A D 2d 1040, supra) points the way. In that case tenant built three structures in violation óf its lease, and the court said that the lessor was entitled to a remedy for the violation. The court continued (p. 1040): “ Two of the structures having been completed, and the third nearly completed, the court in equity should not grant a mandatory injunction for the immediate restoration of the premises to their original condition, where this will result in great injury to the lessee and will be of no practical benefit to the lessor. "Under the facts, the relief of damages, which under the judgment may be assessed upon five days’ notice, is adequate.” So also in the case before us. The tenancy should not be aborted. If, in fact, landlord has been damaged, it should be relegated to its right to damages in an action at law (see, also, Basch, New York Landlord and Tenant [2d ed.], § 450).
I vote to affirm.
Quinn and Lupiano, JJ., concur in Per Curiam opinion; Markowitz, P. J., dissents in opinion.
Final judgment reversed, etc.