### SPERRY *against* MILLER.

Where one indebted to another upon a lease the term of which is unexpired, enters into a special contract to surrender the remainder of his term, and assigns to the lessor a land contract on which money had been paid, and the lessor agrees to pay him therefor a certain sum at a future day, there is no presumption that the accrued rent due the lessor is extinguished.

The release of the remainder of the term of a lease does not discharge the lessee from the payment of the rent due.

Where the defendant owed the plaintiff $65 for rent, and held a contract by which the plaintiff agreed to pay him upon a day certain $550, a receipt for the $550 endorsed upon the contract and signed by the defendant, is *prima facie* evidence that the $550 was paid. It affords no presumption that the $65 had been deducted from it.

This was an action of assumpsit, commenced in June, 1846, for the use and occupation of a farm in Greece, tried before Mr. Justice Selden, at Monroe Circuit, in June, 1848, when a nonsuit was ordered. A judgment entered thereon was affirmed at a general term of the supreme court in the seventh judicial district.

The facts disclosed by the bill of exceptions were as follows:

In April, 1843, the plaintiff leased to the defendant a farm, in Monroe county, for five years, at the annual rent of $130, of which " $65 was to be paid upon the first of April, 1844, and $65 to be paid on, the first of October, of the same year, and so on paying $65 at the expiration of each and every six months until the $650 shall have been paid, it being the amount of rent for the five years."

Sperry *against* Miller.

On the second day of April, 1846, three years of the term having expired, and the defendant being indebted to the plaintiff for one year's rent which had expired the day previous, and one-half of which was payable on the day previous, and the other half upon the first day of October thereafter, a written agreement was made between them by which the defendant agreed " to give up the remainder of his term" and to assign to the plaintiff a contract for thirty-two acres of land upon which $350 had been paid, and give up to the plaintiff possession of the farm and of the contracted land with the crops growing upon both. The plaintiff by the agreement was to pay the defendant $550 on the first of May thereafter.

On the second of May, the defendant gave the plaintiff a receipt which was endorsed upon the contract, of which the following is a copy:

" Received of Orrin Sperry the within mentioned five hundred and fifty dollars.  Rochester, May 2, 1845.

SAMUEL MILLER."

*M. S. Newton* ior appellant, insisted that the phrase " the remainder of his term" in the agreement for giving up the lease, referred simply to the title to the land under the lease for the unexpired portion of the time it had to run, and had no reference to the amount of rent owing and did not extinguish it: that the $550 agreed to be paid the defendant was the consideration for this release of the remainder of the term and the contract for the thirty-two acres of land; and that the receipt endorsed upon the agreement afforded no legal presumption that the rent owing was deducted from the sum when paid.

*J. C. Cochrane* for respondent.   The agreement by the plaintiff, to pay the defendant $550 is presumptive evidence that he then owed him that amount and that the defendant owed the former nothing.   The payment of the

SEL. IV.—43.

whole sum a month afterwards is presumptive evidence that the plaintiff had no offset against it. We can not presume that he paid the whole amount merely for the purpose of suing him to recover back a portion of it. (*Gould* v. *Chase*, 16 *Johns.* 226: *Henry* v. *Brown*, 19 *Id.* 49: *De Freest* v. *Bloomingdale*, 5 *Denio*, 304: *Caldwell* v. *Lieber*, 7 *Paige R.* 499: *Cow. and Hill's Notes to Phil. Ev. part* 1, *p.* 296.

RUGGLES, Ch. J. — The supreme court held that the non-suit was correctly ordered on the presumption that the rent had been paid previous to the agreement of April 2, 1846, or that it was deducted from the $550 paid by the plaintiff on the 2nd of May. But after some doubt and hesitation I have come to the conclusion that this view of the case can not be sustained. The presumption of payment is not raised by the written contract of the 2nd of April. That contract did not purport to be either a general settlement between the parties, or an extinguishment of the rent already accrued. It broke up the relation of landlord and tenant from the date of the contract only. The remainder of the term was surrendered, but the lease on which the rent accrued was not thereby canceled as to the rent then due. It may be doubtful whether the defendant understood the effect of the contract; and this is rendered more doubtful still by the plaintiff's offer in relation to the alteration of the contract by consent, after it had been executed. But the judgment of the court must be founded on the instrument as it stands. And we find in it nothing operating as a release or extinguishment of the rent which had fallen due. It would have been easy, if the parties had so intended, to insert in the contract that Sperry released or gave up the unpaid rent; but they put in nothing of the kind. The substance of the contract was a purchase by Sperry of Miller's title and interest in the leased farm and the 32 acre lot, for $550, saying nothing in relation to the rent due, which at the time of the con-

tract was a personal debt due from Miller to Sperry. If the debt had been due on the sale of a horse by Sperry to Miller, or for the rent of other premises, the contract of the 2d of April certainly could not have affected it; and it is not easy to perceive why the rent past due for the same land, which had become detached from the land, like fruit fallen, should be regarded as released by a contract which says nothing about it.

Nor can it be supposed that the rent due had been deducted from the price of Miller's interest in the two farms; because, first, no mention is made of it in the contract and no proof given; and secondly, because there is nothing in the contract by which it can be inferred that the value of Miller's interest in the lands were estimated by the parties at more than $550 which was the contract price of Sperry's purchase; and thirdly, because the rent now claimed was due at the date of the contract and the price of Sperry's purchase was not to be paid until a month afterwards.

We think there was no ground for the presumption that the $65 of rent due, was deducted from the $550 receipted by Miller on the 2d of May. The rent was due on the lease. The $550 was due on the contract of purchase. Miller in his receipt endorsed on the contract, admits the payment " of the within mentioned $550." This was *prima facie* evidence that the whole sum was paid; and casts on the defendant the burthen of proving that the rent was allowed as part of that sum. If the liability to pay the rent was disputed, it was prudent to say the least, on the part of Sperry to pay the whole sum, for the complete fulfillment of his contract, and to avoid litigation on that point. But whether disputed or not the receipt for a specific sum, due on the contract from the plaintiff, does not afford the presumption that a different sum due from the defendant to the plaintiff on another instrument, was paid or settled at the same time. If it had in fact been so settled a different kind of voucher would in the usual

course of business have been given by the defendant to the plaintiff, showing the deduction and allowance; or a separate voucher would have been taken by the defendant which ought to be produced.

The judgment of the supreme court ought to be reversed and a new trial ordered.

TAGGART, J.; delivered a written opinion ·in which he arrived at the same conclusion.

> Judgment reversed and new trial ordered.