(25 Misc. Rep. 738.)

### BARKLEY v. McCUE.

(Supreme Court, Appellate Term. January 23, 1899.)

1. LEASE—SURRENDER—ACCEPTANCE.

    A lessee claimed that, on leaving the premises, he delivered the key to the lessor's agent, who accepted it. The agent claimed that it was left in a neighboring shop, and both agent and lessor denied that the agent had authority to accept a surrender, and the lessor claimed that he notified the lessee he would be held liable for the rent. *Held* to sustain finding that there was no acceptance of surrender.

2. SAME.

    A re-entry by a lessor, and a leasing by him to a third person, shows an acceptance of a surrender by the lessee, in the absence of any showing to the contrary.

3. SAME—RIGHT TO ACCRUED RENT.

    Where a lessee under a lease providing for payment of rent monthly in advance abandons the premises, the lessor can recover the full month's rent accruing on the 1st of the month, although by his acts he accepts a surrender on the 15th of such month.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Charles B. Barkley against William J. McCue. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Roger Foster, for appellant.
Sullivan & Cromwell, for respondent.

GILDERSLEEVE, J. The plaintiff leased to the defendant a store at No. 158 West One Hundred and Thirty-First street, in this city, for a period of two years from May 1, 1898, at a rental of $35 a month, payable monthly, in advance, on the 1st day of each and every month, during the first year, and at a rent of $40 a month, payable monthly, in advance, for the second year. The foregoing facts are alleged in the complaint, and admitted in the answer. The lease itself was not, therefore, introduced in evidence. The defendant, accordingly, entered into possession of the premises, and paid rent therefor up to the

last of June, 1898, when he abandoned the premises, and has paid no more rent therefor. This action is brought to recover for the rent due on July 1st and on August 1st. The defense is a surrender and acceptance of the premises, and cancellation of the lease, on July 1st. Defendant claims that, upon leaving the premises, he delivered the key to the plaintiff's agent, who accepted it. This is denied by the agent, who swears that the defendant left the key in a neighboring barber shop. Both plaintiff and the agent swear that the latter was without authority to accept a surrender of the premises, and they both deny that they, or either of them, consented to defendant's abandonment of the premises. Plaintiff swears that, when he learned that the defendant had left the place, he notified him that he would hold him liable until he found a tenant. There is sufficient evidence to sustain a finding that there was no acceptance of the surrender at the time of the abandonment of the premises by defendant. The defendant further introduced in evidence a lease from plaintiff to one Miller, by which these premises were leased to Miller for one year from September 1, 1898, at a rent of $420 a year. Miller was put on the stand, and swore, without contradiction, that he was allowed to move some of his things into the place about August 15th, but that he did not commence business there, or pay rent, until September 1st. This re-entry of the landlord into possession, and his leasing the premises to Miller, are evidence of an acceptance by him of defendant's surrender of the premises, on August 15th, in the absence of anything to prove the contrary. The lease from plaintiff to defendant was not introduced in evidence, and we do not know whether or not it contained a clause providing that, on defendant's default, plaintiff might re-enter into possession, and re-lease the premises on defendant's account, holding the latter responsible for any loss of rent until the end of the term of the lease. We cannot assume that plaintiff retook possession, and re-leased the premises, under such an arrangement, without any proof to that effect; and we may regard it as an established fact in the case that the surrender was accepted on or about August 15th. But this does not affect plaintiff's right to recover the rent that had previously accrued. By the terms of the lease, the rent was payable in advance on the 1st day of each month, and plaintiff is, therefore, entitled to the rent that had become due and owing on the 1st day of July and on the 1st day of August. See Cheesebrough v. Lieber, 18 Misc. Rep. 459, 42 N. Y. Supp. 1122.

The judgment must be affirmed, with costs.

BEEKMAN, P. J., and GIEGERICH, J., concur in result.