James E. McDonald and Catherine McDonald, as
    Executors of the Estate of Frank B. McDonald,
    Deceased, and Another, Plaintiffs, *v.* Nora M.
    O'Hara et al., Defendants.

(Supreme Court, New York Special Term, December, 1921.)

**Injunction — waste — landlord and tenant — equity — landlord can
    restrain tenant from materially changing nature of building,
    though value enhanced by alteration — mandatory injunction
    granted directing assignee of lease to restore premises.**

The rule of the common law that a tenant is guilty of waste
if he materially changes the nature and character of the build-
ing leased, even though the value of the property is enhanced
by the alteration, is still the law in this state.

Without the consent of the owners in fee or of the mortgagee
in possession, a corporation whose only asset was an assigned
lease of corner premises in the city of New York completely
changed the interior arrangement of the rear or westerly end
of the premises by removing some partitions and erecting
others, and by placing the wooden framework for a store front
on one side of the building at or near the place where there
had been two brick piers before their removal by the corpo-
ration in compliance with an order of the building department.
In an action to restrain waste the relief asked for was a man-
datory injunction directing the restoration of the premises to
the original condition. *Held,* that the assignee of the lease
was chargeable with knowledge of the law, and must be held
to strict accountability for its acts, and the plaintiffs granted
the judgment as prayed for, with a further direction that no
further alterations be made without the consent of plaintiffs.

The order of the building department which expressly
directed that the brick piers, after removal, be properly re-
placed and rebuilt in a secure and lawful manner, was no
protection to the assignee of the lease, nor was the advice of
its counsel that it could make the alterations complained of,
an excuse.

A contention of the assignee of the lease that the injunction
would interfere with its rental profits is not entitled to con-
sideration because there being no adequate remedy at law equity
would intervene to protect the plaintiffs' rights.

Supreme Court, December, 1921.     [Vol. 117.

ACTION for injunction to restrain waste.

Allan C. Rowe, for plaintiffs.

Morris Popper, for defendants Oras Realty Co., Inc., R. B. L. Co., Inc., and Hughes.

George L. Donnellan, for defendant O'Hara.

LYDON, J. This is an action for an injunction to restrain waste on the premises at the south-west corner of Thirty-ninth street and Sixth avenue, in the borough of Manhattan, city of New York. The plaintiffs seek to restrain the removal of. two brick piers on the Thirty-ninth street side of the said premises; the alteration of the ground floor, changing the partitions thereof, and restraining the making of any alterations which materially and permanently change the nature of the leased property. The plaintiffs also ask for a mandatory injunction directing the defendants to restore the premises to its original condition, and pray for incidental damages.

The evidence shows that the two brick piers were completely removed and the partitions were erected in the premises prior to the service of the injunction order; consequently, the only remaining question to be determined is whether or not the plaintiffs are entitled to a mandatory injunction directing the defendants to restore the premises to their former condition, and to determine whether or not any damages are payable to the plaintiffs by reason of the acts of the defendants in so changing the premises without the consent of the owners or the mortgagee in possession.

Upon the trial, by consent, the action was dismissed as to the defendants R. B. L. Company, Inc., and Peyton M. Hughes.

The premises are now held by the defendant Oras Realty Co., Inc., under an assignment of a lease from the defendant Nora M. O'Hara, a former lessee. The owners of the property are the plaintiffs, James E. McDonald and Catherine McDonald, as executor and executrix of the estate of Frank B. McDonald. The term of the lease in question expires in January, 1932.

The defendant Oras Realty Co., Inc., is a corporation, the entire stock of which is owned by Mr. Abraham Levy and a Mr. Rudinger. According to the testimony of Mr. Levy he bought the stock of the Oras Realty Co., Inc., the only asset of which was this lease, after he, through his lawyer, had examined the lease, and after he had made inquiries of his attorney as to whether or not he had the right to make alterations, because that was one of the moving reasons why the lease was bought. Mr. Levy further testified, very frankly, that it was his intention prior to and after the purchase, to make the very alterations that are now complained of, and that he took his builder up to the premises and got from him an estimate of the cost of the making of these alterations. On that inspection by the builder it was discovered that there was a large crack in the brick wall in the upper part of the premises, and the attention of Mr. Levy was called to it, and he was advised that the premises were probably dangerous in their then condition. At that meeting it was decided that the builder would prepare and file the necessary plans for the alteration. This was done. Some few days after the plans were filed an inspector from the building department examined the premises and discovered the defective wall and filed an *unsafe notice* against the premises, as follows:

"You are therefore required to make same safe and secure by doing the following work — and as soon as

this work has been done, you will please notify this Bureau requesting an inspection:

" By properly bracing and shoring, and removing the defective brick piers of first story, north wall, and all cracked and loose brickwork of large second story pier, properly replacing and rebuilding same in a secure and lawful manner, and by removing all loose plastering of ceilings forthwith."

Shortly thereafter, the plans as filed were approved, and early in March, 1920, work was commenced on the premises toward the removal of the brick piers on the first floor, the shoring up of the building, and the repair of the defective wall in the upper part So far as the removal of the brick piers was concerned, undoubtedly that was in compliance with the order of the building department, and also, it may be said, that the substitution of the new twelve inch I–beams to support the upper wall, was also a compliance with the requirements of the building department. But, the defendant Oras Realty Co., Inc., proceeded to go further, and that is, they completely changed the interior arrangement of the rear or westerly end of the premises by removing some partitions, and erecting others, and by placing the wooden frame work for a store front on the Thirty-ninth street side at or about the place where the two brick piers were formerly located.

The application for a mandatory injunction herein is resisted by the defendant Oras Realty Co., Inc., upon the ground that in removing the two brick piers it was only complying with the *unsafe order* of the building department. An examination of this order discloses that it did direct the removal of the said brick piers, but at the same time it also required the piers to be replaced and rebuilt in a secure and lawful manner. Even assuming that the direction for the

rebuilding of these piers was upon the theory that they were the supporting force of the wall immediately above, as the iron girder was not visible from the outside, nevertheless, it is immaterial that the said brick piers are not necessary for such support. It is not sufficient for the Oras Realty Co., Inc., to claim that it has complied with the building department order, as well as all requirements that the plaintiffs could demand, by supporting the wall with two twelve inch I-beams. The order of the building department affords no protection to the defendant Oras Realty Co., Inc., and it cannot take refuge behind it, as the said order clearly directed that the said piers, after removal, be *properly replaced and rebuilt in a secure and lawful manner.*

The law is well settled as to the rights and limitations of a tenant in the use of real property. In the case of *Agate* v. *Lowenbein,* 57 N. Y. 604, 607, the court said: " Had there been no license given to the defendants to do the acts of which the plaintiff complains, the injuries done to the property would have been, apparently, acts of waste, for which the plaintiff could, by the rules of the common law, have brought an action on the case in the nature of waste. (2 R. S. 384; Taylor on Landlord & Tenant, sec. 348 and cases.)

" The right which the tenant has is to make use of the property. The power of making an alteration does not arise out of a mere right of user; it is, therefore, incompatible with his interest **for a** tenant to make any alteration, unless he is justified by the express permission of his landlord. (Taylor, sec. 348.) Holroyd, J., in *Farrant* v. *Thompson* (5 B. & Ald. 826) defines the extent of a lessee's rights. By a lease the use, not the dominion of the property demised, is conferred. If a tenant exercises an act of ownership, he is no longer protected by his tenancy."

Again, at page 614, the court said: "It is, in general, no justification for an act of waste that a party will, at some future time, put the premises in the same condition as they were when the lease was made. The question is, whether the tenant, at the time the wrongful act was done, caused an injury which then affected the plaintiff as to his reversion. * * * The tenant has no right to exercise an act of ownership."

In the case of *Kidd* v. *Dennison,* 6 Barb. 9, 13, the court said: "So if a tenant materially changes the nature and character of the buildings it is waste, although the value of the property should be enhanced by the alteration. * * * The tenant has no authority to assume the right of judging what may be an improvement to the inheritance. He must confine himself to the conditions of the lease."

Aside from the above decisions, it is an old principle of the common law that a tenant is guilty of waste if he materially changes the nature and character of the building leased. Many authorities, both English and American, declare that such changes will be deemed waste, even though the value of the property would be enhanced by the alteration. This rule of the common law has been relaxed or partially repudiated by a number of courts in more modern times. But it is still the law in this state, and I think it is well founded upon the just and controlling consideration that the owner of the property is entitled to have it remain as it is, without material change in its structure, form and character, except in so far as he has consented thereto by express agreement.

The plaintiffs, in my opinion, are entitled to a mandatory injunction for the restoration of the premises to the condition they were in before the work of destruction took place. It clearly appears that the

defendant Oras Realty Co., Inc., under the guise of the building department order, sought to carry out its original intention to make this alteration by converting the westerly end of the premises into a store, without the consent of the owners of the fee, or the mortgagee in possession. The defendant Oras Realty Co., Inc., cannot complain when it is compelled to restore the premises to its former condition, because it is chargeable with knowledge of the law, and notwithstanding the advice of counsel that it could make these alterations, that is no excuse, and the said defendant must be held to a strict accountability for its acts.

The defendant Oras Realty Co., Inc., must, therefore, remove the frame work for the store front on the Thirty-ninth street side, rebuild the piers, and restore the side entrance door and window; also remove the partitions recently built converting the candy store into a large store and making other subdivisions in the interior, and in their place erect partitions corresponding to those that formerly existed and which the defendant Oras Realty Co:, Inc., removed. It is further ordered that the defendants make no further alterations in the said premises without the consent of the plaintiffs.

In directing a mandatory injunction, I am not unmindful of the argument made by the attorney for the defendant Oras Realty Co., Inc., that the court should not grant a mandatory injunction in this class of cases, especially as the rights of innocent third parties have intervened. By innocent third parties he means the sub-tenants of the defendant Oras Realty Co., Inc. The record shows that this original lease which expires in January, 1932, reserves a rental of $6,000 a year, while the defendant Nora M. O'Hara assigned the said lease to the defendant Oras Realty

Co., Inc., at a rental of $9,500 a year, and the defendant Oras Realty Co., Inc., is now receiving from its various tenants an aggregate rental of $15,500 a year. To be sure, when the defendant Oras Realty Co., Inc., restores the premises, the rental value will be reduced, but this is no argument as to why the plaintiffs should not have what they are properly entitled to. To my mind, the said plaintiffs have not an adequate remedy at law. The cost of replacement was established by the plaintiffs' witness Marshall as from $1,200 to $1,500, while the defendants' witness Hughes testified that the cost would be approximately $600. This is not such an excessive amount as to deter the court from granting equitable relief to the plaintiffs. The plaintiffs are the sole judges as to what improvements shall be made on their property. It is not for the lessees to improve in accordance with their wishes, and make various subdivisions of the whole, thereby creating two or three stores where only one formerly existed, and then rent these smaller stores at high rentals. Such procedure is in absolute violation of the rights of the plaintiffs, with the resultant enrichment of the defendants at the expense of the plaintiffs' rights. To withhold a mandatory injunction under the facts of this particular case would open the door for fraud. It would be equivalent to saying, that if a lessee could, through quick and artful action, alter a building and rent the same to various tenants, before the landlord obtained knowledge of the circumstances, the landlord would not be entitled to a mandatory injunction, even though the lessee is guilty of waste, simply because the rights of innocent third parties had intervened. It is quite evident to my mind that the defendant Oras Realty Co., Inc., is not so much concerned in the rights of the innocent third parties as it is in the fact, that it means a monetary

loss to it, in rental value, when it restores the premises. Surely, the Oras Realty Co., Inc., cannot expect this court to put its stamp of judicial approval upon its wanton acts in violation of the plaintiffs' rights. The high rentals that are being exacted today are due, in a large measure, to precisely such practices as this record discloses, to wit: the sale, re-sale, and assignment and re-assignment of leases, each turn-over at a profit to the holder, with a corresponding increase in rent to the sub-tenant. It is, therefore, quite clear that the only reason why the defendant Oras Realty Co., Inc., resists the application for a mandatory injunction, is, that it will interfere with its rental profits, but this argument has no place in a court of equity when the plaintiff's rights have been trampled upon. These operators must confine themselves to the expressed and implied covenants of the lease, because equity will always intervene to protect property rights where the remedy at law is inadequate.

As to the question of damages, the plaintiffs' counsel stated upon the trial that the plaintiffs would not seek money damages and that the proof offered of replacement value was presented only to show the materiality of the alterations. It is, therefore, unnecessary to discuss the question of damages, as the same were waived.

Judgment for the plaintiffs, with costs. Submit findings.

Judgment for plaintiffs.