Morris E. Spector, J.
Plaintiff is the owner of premises leased to the defendant Spear & Company which, in turn, has subleased a portion thereof to the defendant Dilbert’s Quality Supermarkets, Inc. The master lease contains the provision: ‘ ‘ The tenant shall not, without the written consent of the land *560 lord, make alterations, additions or improvements to the buildings on the Demised Premises.” Following the making of the sublease alterations were undertaken in preparation of the opening of business of the proposed supermarket. Plaintiff has brought this action based upon violation of the quoted lease covenant for a permanent injunction restraining the alterations made without consent and now moves for temporary injunction.
The master lease permits the subleasing and also permits any use of the premises by such sublessee, save with respect to certain exceptions which are not here involved. The sublease was made on July 23, 1959 for a term commencing October 1, 1959 and terminating April 30, 1972, and such sublease provided that the tenant shall use and occupy the premises for the operation of a retail food supermarket. It is said that the making of the sublease was of unique interest in realty circles and was publicized for several months prior to the commencement of the alterations preparatory to the opening of the supermarket on West 34th Street adjacent to the Empire State Building. It is further stated that the matter had otherwise been brought to the attention of the plaintiff. In these circumstances it is rather peculiar that the president of the plaintiff corporation avers that knowledge of the alteration first came to the plaintiff on the afternoon of' Saturday, November 7, 1959, when he personally and immediately took photographs of the operation. The attorney for the plaintiff states, however, that he made an investigation in the Department of Buildings on November 6, 1959 before, as plaintiff’s president avers, the plaintiff had knowledge of the alleged infraction of the lease provision. Plaintiff’s attorney states that he made investigation upon receiving a call from plaintiff’s president. Defendant’s vice-president insists that plaintiff had made inquiry of him in October on two occasions concerning the alterations. The inquiries, it would appear, were occasioned, among other reasons, by the prominent posting and display of signs on the premises for more than a month advertising the forthcoming opening of the supermarket. One of the officers of the defendant Spear & Company states that he had spoken with plaintiff’s attorney several weeks before the making of this application and had advised him of the making of the sublease.
It clearly appears that the alteration involves no structural changes in the premises and that the premises can be easily restored to their original condition. In such circumstance irreparable injury is not established (McDonald v. O’Hara, 117 Misc. 517). There are also the factual issues of laches by reason of plaintiff’s prior knowledge of the existence of the sublease *561 and the purpose to alter, in addition to the fact that the major lease permits subletting for any use. In that circumstance there is the question whether the major lease and the sublease taken together do not permit of such minor alterations as will enable the use of the subleased premises as provided in the sublease.
In the balancing of equities it is found not only no irreparable damage is established and plaintiff has not shown clear legal right to temporary injunctive relief, but in addition stoppage of the work which apparently will be completed within two or three weeks would- result in substantial loss of holiday trade.
The motion is denied.