Paul R. Shaw, J.
This is an action at law before this court without a jury. Decision was reserved at the close of the entire case.
The plaintiffs, owners of a three-family house at 1081 Astor Avenue, The Bronx, sue the defendant, a dentist formerly occupying the third-floor apartment partially for residential purposes and partially for the practice of his profession, on three causes of action. The first cause of action is for $89.25 rent for the month commencing April 15, 1962, the defendant having vacated on *247 April 18,1962. The second cause of action is for $300 property-damage, claiming the defendant vacated without removing certain alterations and further causing damage in removing his fixtures. The third cause of action is for one month’s rent of $89.25 for failure to give the statutory notice of intention to vacate. The defendant counterclaims for $400 for the price of certain articles of personalty which he claims he sold to the plaintiff, Dominick Petrelli, and left behind on the premises, also for $88 for the return of security.
The undisputed facts can be capsuled as follows: The plaintiffs acquired title on September 7, 1961. They inherited the tenant as the occupant of the third-floor apartment containing five rooms without a lease. The defendant had an office for the practice of dentistry in the front room and also used the middle room as a waiting room. The apartment was subject to residential rent control and the maximum rent was $89.25. On February 1, 1962, the State Housing Bent Commission issued a certificate of eviction to the plaintiffs on their application to recover possession for the use of their daughter. On April 18, 1962, the defendant vacated. The last rent paid by the defendant was for the period from March 15, 1962 to April 14, 1962. The defendant had on deposit $88 in security. The defendant left behind certain articles of personalty, under disputed conditions, and left the apartment in a disputed state of repair.
The rent being due on April 15, 1962, and the tenant having vacated on April 18, 1962, there would ordinarily be no problem in holding the defendant liable for one month’s rent on the first cause of action. Bent being due on the first day of the rental period, it is no defense that the tenant vacated during the rental period and there can be no apportionment (Rasch, New York Law of Landlord and Tenant, § 829; Sperry v. Miller, 8 N. Y. 336; Hampton v. Flesser, 133 Misc. 705 [App. Term, 1st Dept., 1929]; Barkley v. McCue, 25 Misc. 738 [App. Term, 1st Dept., 1899]). The tenant claimed that he had an oral agreement with the landlord to stay over for three days without rent obligation, but the landlord disputes this claim. Considering the obvious ill-feeling between the parties and the prompt issuance of the summons on April 19, 1962, this alleged amicable arrangement is not credible and the court accordingly finds for the plaintiffs on the first cause of action for one month’s rent in the sum of $89.25.
The second cause of action is for property damage of $300. The plaintiffs claimed that the defendant installed wall to wall closeting in the waiting room, also linoleum and lighting fixtures, *248 some of which he removed, as well as certain gas lines, leaving the waiting room and the office in a damaged condition, including a hole in the living-room floor, damage to ceiling and wall from the removal of fixtures, and a live gaspipe outlet in a closet. A general contractor testified that the reasonable cost of repair and restoration was $300; that he did the work and was paid that amount. The tenant did not substantially dispute the foregoing testimony, but claimed he made the alterations with the prior landlord’s consent. He admitted he had no written agreement. He testified he did the original office conversion in October, 1941, when the building was new, and added certain closets seven years ago.
The tenant urges in his defense that he was under no obligation to restore the premises to their original condition in the absence of an express agreement. It should be noted that neither party produced the original lease under which the defendant first took possession in 1941 and no testimony was produced by either party that any express written agreement was ever made either authorizing the alterations or imposing any conditions thereto when the tenant should ultimately vacate the premises. The only testimony on this matter was by the defendant that he had the former owner’s oral consent to make the alterations.
Even in the absence of an express covenant by a tenant that he will not make any alteration without the consent of the landlord, such an obligation is imposed by law, if it constitutes such a material or substantial change or alteration of the nature of the property as to amount to waste for which the tenant is liable (Andrews v. Day Button Co., 132 N. Y. 348, 353). Erection or demolition of partitions has been so considered (Agate v. Lowenbein, 57 N. Y. 604, 607). But when a tenant makes alterations with the landlord’s consent, there is no implied obligation to restore the premises to their original condition at the expiration of the term (Rasch, New York Law of Landlord and Tenant, § 603; New York Law of Landlord and Tenant, § 426; Civic Realty Co. v. New York Tel. Co., 16 Misc 2d 660, 664; McGregor v. Board of Educ. of City of N. Y., 107 N. Y. 511, 515). In view of the fact that some of the alterations were made at the commencement of the occupancy 21 years before and that the balance were made some 7 years ago, and in the absence of any evidence of any action by the landlords or their predecessor to prevent them, either by remonstrance or legal action, there was at least fin implied consent, which precludes any claim to restoration in the absence of any affirmative covenant (Polo v. International Trust Co., 166 Misc. 398, 401, affd. 257 App. Div. 820 [1st Dept., 1939]).
*249 The suggested implied consent by the landlord, however, although excusing the tenant from any requirement to restore, does not excuse the tenant from leaving the premises in good order and condition, reasonable wear and tear and damage from the elements excepted (McGregor v. Board of Educ. of City of N. Y., 107 N. Y. 511, 515, supra; Myers v. Hussenbuth, 32 Misc. 717 [App. Term, 1st Dept., 1900]; McDonald v. O’Hara, 117 Misc. 517, 522). The sole case cited by the tenant (Civic Realty Co. v. New York Tel. Co., supra, p. 662) is inappropriate, since it specifically decided: ‘ There is no claim here that the demised premises were physically damaged in any respect or that the defendant left them otherwise than ‘ broom clean.’ ” In the case before this court, the testimony, supported by photographs, clearly discloses a substantial condition of damage and disrepair upon the tenant vacating.
It is hereby determined that the defendant failed to leave the premises in good condition, reasonable wear and tear and damage by the elements excepted, and that the plaintiffs are entitled to recover on the second cause of action the sum of $300 as the reasonable value of the repairs necessary.
The third cause of action to recover one month’s rent by reason of the failure of the tenant to give notice of his intention to vacate is based upon subdivision 7 of section 5 of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd. by L. 1959, ch. 695), as re-enacted in the City Bent and Behabilitation Law (Administrative Code of City of New York, § Y41-6.0, subd. i). This section of the rent laws requires a statutory tenant to give at least 30 days’ written notice by registered or certified mail of intention to vacate, under penalty of not more than one month’s rent. It excepts, however, “ where the tenant has been removed or vacates pursuant to the provisions of this section.” The section referred to, of course, is the entire section referring to eviction pursuant to certificate of eviction. The statutory language is clear that the requirement for notice of intention to vacate does not apply where the tenant does so following the issuance of a certificate of eviction. The landlord’s argument, that the requirement of notice nevertheless is applicable because the tenant vacated voluntarily, has no merit. The tenant may move voluntarily after the issuance of the certificate and need not wait for decision on protest or legal proceedings. Although no citation of authority has been found or offered in support of either interpretation of the section, the statutory plan is evident by analogy to section Y41-6.0 (subd. b, par. [4], cl. [c]) of the City Bent and Behabilitation Law, which authorizes the city rent agency, by regulation, to impose the payment *250 of stipends as a condition to the issuance of a certificate of eviction, and section 54 (subd. e, par. [3]) of the Bent, Eviction and Rehabilitation Regulations which provides that such stipend be paid to a tenant who moves after the filing of application for the certificate, as well as by analogy to section Y41-6.0 (subd. g, par. [1], cl. [a]) of the law, which provides for a penalty on the landlord for failure to occupy or for his family to occupy within 30 days after the tenant vacates, and applies such penalty whether the tenant is removed or vacates voluntarily after the certificate of eviction is granted. If further analogy is required, it can be found in the Emergency Business Space Rent Control Law (L. 1945, ch. 314, as amd.) and Emergency Commercial Space Rent Control Law (L. 1945, ch. 3, as amd.), which do not provide for administrative determinations but rather for court determinations, under which laws vacating following service of a precept and petition in summary proceedings seeking possession for personal use is deemed a removal under the statute (Kaufman & Sons Saddlery Co. v. Miller, 298 N. Y. 38; Sno-White v. Gerald Operating Corp., 271 App. Div. 314, affd. 297 N. Y. 1007). The court finds that the tenant vacated pursuant to the certificate of eviction and was not required to give prior notice of intention to vacate.
There was an irreconcilable conflict in the testimony between the parties with respect to so much of the defendant’s counterclaim as sought to recover $400, which he claimed the plaintiff, Dominick Petrelli, agreed to pay him for articles of personalty which he was to leave behind for the use of this plaintiff’s daughter. The daughter testified she was the one who agreed to purchase these articles from the defendant and that the agreed price was only $75. The court finds upon all of the evidence that the defendant has not sustained his burden of proof. With respect to the balance of the counterclaim for the return of $88, security, this claim was not disputed.
Judgment is granted in favor of the plaintiffs for the sum of $389.25 on the first two causes of actions, in favor of the defendant on the third cause of action, and in favor of the defendant for the sum of $88 on the counterclaim.