Harry T. Nusbaum, J.
The landlord’s petition to evict the tenant as a holdover on the ground that he has violated a substantial obligation of his tenancy is denied.
The landlord has failed to establish to this court’s satisfaction that the alleged “ alterations ” of the leased premises constitute waste or violated a substantial obligation of the tenancy. The changes made were purely decorative in nature and cannot be regarded as structural, or alterations which required the landlord’s consent.
In the case of Wall Nut Prods, v. Radar Cent, Corp. (20 A D 2d 125), the Appellate Division quoted with approval the definition of structural changes or alterations found in Pross v. Excelsior Cleaning & Dyeing Co. (110 Misc. 195, 201), wherein the *1011 court defined a structural change or alteration as “ such a change as to affect a vital and substantial portion of the premises, as would change its characteristic appearance; the fundamental purpose of the erection; or the uses contemplated, or a change of such a nature, as would affect the very realty itself, extraordinary in scope and effect, or unusual in expenditure.”
The removal of the old painted cabinets in the kitchen and their replacement with new oak veneer cabinets, considerably improved the appearance of the kitchen and the installation of false bulkheads in the living room to conceal recessed lighting fixtures and the box canopy built over the bed in the bedroom, do not fall within the scope of the definition above quoted. (Klein’s Rapid Shoe Repair Co. v. Sheppardel Realty Co., 136 Misc. 332, affd. 228 App. Div. 688; Cohen v. Margolies, 192 App. Div. 217; Pross v. Excelsior Cleaning & Dyeing Co., supra; Sigsbee Holding Corp. v. Canavan, 39 Misc 2d 465.)
I credit the testimony of the interior decorator called by the tenant as to the ease with which the improvements made by the tenant can be removed. I am not of the opinion that the landlord may act as a censor proscribing the manner in which the tenant may decorate his apartment unless the decorating by the tenant substantially changes the character of the leased premises as above defined.
The landlord’s evident dislike of modern decorative schemes as opposed to his own conservative and perhaps old-fashioned leanings in this area cannot serve as a basis for a summary holdover proceeding. I regard the lease prohibition against the driving of picture or other nails in the walls or woodwork as unreasonable and unenforceable, the breach of which would not constitute a violation of a substantial obligation of the tenancy. The apartment was leased for residential living purposes and not as a monastic cell.
The landlord is amply protected by the eighth clause of the lease which imposes liability on the tenant for any damage to the leased premises and charges him with the duty to make 1 ‘ all repairs required to the walls, ceilings, wall-paper, paint, plastering, plumbing ” caused by the tenant’s misuse of the premises. The extent of such damages and the costs of restoration can be determined when the tenant vacates the premises and an appropriate action at law can then be brought to recover for such damages, if any were in fact caused by the tenant’s alterations. (Brooklyn Props. v. Cargo Packers, 1 A D 2d 1040.)
The landlord’s summary holdover proceeding is dismissed.