Per Curiam.

The lease, projected into the statutory tenancy, expressly prohibits any alterations without the consent of the landlord and specifies that even papering the walls or changing the color of the wall paint is a prohibited alteration and a breach of a substantial obligation of the lease. Clearly, under the terms of the lease, the tenant was not at liberty to make the substantial alterations he undertook, without consulting the landlord. No matter how much the plight in which the tenant now finds himself may appeal to sympathy, we cannot undertake to rewrite the agreement of the parties (First Nat. Stores v. Yellowstone Shopping Center, 21 N Y 2d 630, 638; see, also, Real Property Actions and Proceedings Law, § 803).
These premises were rented for use as a dwelling and, as the record shows, that purpose was fully sérved and the premises fully adapted to that use, without the slightest necessity for any of the changes wrought by the tenant.
The tenant removed, and replaced with substitutes, a series of wall cabinets in the kitchen which were so physically annexed and affixed as to have long been accessory to and part and parcel of the realty. Besides installing metallic wall-covering material in the living room and bedroom, the tenant annexed to the freehold for use in connection with it, so that they cannot be removed without injury to the freehold, extensive and substantially imbedded ceiling and wall reconstructions and lighting arrangements.
The tenant urges that his nonstructural modification of the premises need not be removed so as to leave holes in walls and ceiling because it enhances the appearance of the rooms and is a tasteful architectural improvement. It is the exercise of this very attitude of personal preference and vagarious choice in arbitrary interior reconstruction and redecoration, to the prejudice of the landlord’s choice of decor and mural contours, which the written agreement of the parties explicitly negates.
“ Since an owner of property is entitled to have it remain as it is, without material change in its structure, form, and character, an alteration which materially injures the reversion, or materially changes the nature and character of the demissed premises, is waste even though the consequences may not be prejudicial to the landlord, and indeed, even though the value óf the property may be enhanced by the alteration ” (33 N. Y. Jur., Landlord and Tenant, § 142; emphasis supplied)..
The cases of permissible changes by tenants, relied upon in the dissenting opinion, relate to nondamaging changes of far lesser *626 degree and extent than those wrought by the tenant here; admittedly at a cost of no less than $5,500 with a minimum removal (not restoration) cost, estimated by tenant’s expert at no less than $250 and two days ’ labor.
The compelling weight of the evidence makes inescapable the conclusion that we have here a misuse of rented premises, by material alteration in removing and adding fixtures, resulting in prejudice to the present and prospective interest of the owner and substantial injury to the freehold. (See Agate v. Lowenbein, 57 N. Y. 604; McDonald v. O’Hara, 117 Misc. 517; Petrelli v. Kagel, 37 Misc 2d 246; Rasch, Landlord and Tenant [2d ed.], §§ 450-454.)
The landlord having concededly complied with all the formalities of notice incident to terminating the lease for breach of a substantial obligation of the tenancy, the final judgment is reversed and final judgment of possession granted petitioner, without costs.