■ CANFIELD PROPERTIES CORP. v. OFFICE OF RENT CONTROL, HOUSING AND DEVELOPMENT ADMINISTRATION, CITY OF NEW YORK.— Motion for reargument granted. In accordance with the agreement of the parties, the determination in this case is to accord with such determination as might be reached in *Matter of Kerr* v. *Urstadt* (42 A D 2d 694). Such determination having now been made and such determination according with the view of this court previously expressed in the instant matter, the determination heretofore made [41 A D 2d 823], by order entered on April 19, 1973, is adhered to. Concur — Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.

. ■ FREEHOLD INVESTMENTS, Respondent, v. GEOFFREY RICHSTONE, Appellant, and "JOHN DOE," Respondent.— Order, Appellate Term of the Supreme Court, First Department, entered on January 24, 1973, reversed, on the law and on the facts, on the dissenting opinion of Markowitz, P. J., at Appellate Term, and the judgment of Civil Court in favor of tenant-respondent-appellant reinstated. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Concur — Stevens, P. J., Kupferman and Capozzoli, JJ.; Steuer, J., dissents and votes to affirm on the *Per Curiam opinion* at Appellate Term. No opinion. [72 Misc 2d 624.]

■ In the Matter of MYRON EPSTEIN, an Attorney.— Motion for reinstatement denied as premature at this time, with leave to renew upon the expiration of the period of suspension. Concur — McGivern, J. P., Markewich, Nunez, Tilzer and Capozzoli, JJ.

# SECOND DEPARTMENT, JULY, 1973

## (July 2, 1973)

■ GEORGE D. BLASCH, as Executor of FREDA BLASCH, Deceased, Respondent, v. GAETANO FOTI et al., Appellants.— In a wrongful death and personal injury action, defendants appeal from (1) a judgment of the Supreme Court, Queens County, entered November 8, 1972, in favor of plaintiff upon a jury verdict of $7,500 for his decedent's conscious pain and suffering and $23,000 for the wrongful death, and from an order of the same court, entered November 10, 1972, which denied defendants' motion to set aside the verdict. Appeal from order dismissed, without costs. No appeal lies from an order denying a motion, made on the trial minutes only, to set aside a jury verdict. Judgment reversed, on the law, and new trial granted, solely on the issues of damages, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file with the clerk of the trial court a written stipulation reducing the verdict for pain and suffering to $3,500 and the verdict for wrongful death to $12,000 and to the entry of an amended judgment in accordance therewith, in which event, the judgment, as so amended and reduced, is affirmed, without costs. In our opinion the verdicts were excessive to the extent indicated herein. Hopkins, Acting P. J., Latham, Gulotta, Christ and Brennan, JJ., concur.