■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO CABRERA, Appellant.—Judgment, Supreme Court, New York County, rendered March 2, 1973, convicting defendant of four counts of robbery in the first degree and two counts of robbery in the second degree and sentencing him to concurrent indeterminate terms of imprisonment not to exceed 12 years on each count, unanimously modified, on the law, to the extent of reversing the convictions as to the robbery second degree counts and dismissing these counts of the indictment and, as so modified, the judgment is affirmed. The robbery second degree counts (Penal Law, § 160.10, subd 1) are lesser included concurrent offenses of the robbery first degree counts (former Penal Law, § 160.15, subd 4, as amd by L 1969, ch 1012, § 4, eff Sept 1, 1969; as amd by L 1973 ch 374, § 4 eff Sept 1, 1973) and the verdict of guilty of the latter requires a dismissal of the former second degree counts *(People v Pyles,* 44 AD2d 784). We have examined the other points raised by the appellant and find them to be without merit. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.

■ RUMICHE CORP., Respondent, v CHARLES EISENREICH, Appellant.— Order of the Appellate Term, First Department, entered April 16, 1975, in the office of the New York County Clerk, which affirmed a judgment of the Civil Court, New York County, entered January 9, 1975, which awarded a final judgment of possession of certain premises in favor of petitioner-respondent, unanimously affirmed, without costs and without disbursements to either party. The court correctly determined that the tenant, respondent-appellant herein, violated a substantial obligation of his tenancy by carrying out the construction work, or alterations, in the premises without the landlord's permission or filing and obtaining approval of plans from the appropriate municipal department (see *Freehold Investments v Richstone,* 69 Misc 2d 1010, revd 72 Misc 2d 624, revd 42 AD2d 696, revd 34 NY2d 612). However, respondent-appellant should be allowed a reasonable time to remove himself from the premises. Settle order on notice with suggestions as to what further stay should be granted. Meanwhile, eviction proceedings are hereby stayed. Concur—Stevens, P. J., Murphy, Lupiano, Lane and Nunez, JJ.