■ JOHN BRITTON, Respondent, v SEREF YAZICIOGLU, Appellant, et al., Respondents.—Order, Appellate Term, First Department, entered November 16, 1990, which affirmed a judgment of the Civil Court, New York County (Bruce J. Gould, H.J.), entered April 24, 1990, awarding petitioner landlord possession of the subject premises unless respondent tenant reinstalls the original kitchen cabinets to be made available by petitioner, affirmed, without costs.

We agree that respondent's removal and replacement of the cabinets and refrigerator without petitioner's permission when neither was so defective as to warrant such unilateral action was a substantial violation of the "no alteration" clause of the petitioner's lease (Freehold Invs. v Richstone, 72 Misc 2d 624, revg 69 Misc 2d 1010, revd 42 AD2d 696, revd 34 NY2d 612).

Nevertheless, issuance of the warrant of eviction should again be stayed on condition that respondent reinstall the original cabinets within 10 days after they are made available to him by petitioner. Should petitioner fail to make the cabinets available to respondent within 20 days after service of a copy of this order with notice of entry, the judgment is vacated. Concur—Sullivan, J. P., Wallach and Kassal, JJ.

Kupferman, J., dissents in a memorandum as follows: To replace an old refrigerator with a new one and to substitute wooden kitchen cabinets for metal ones for aesthetic reasons is an unsubstantial deviation from the obligations of tenancy *(see, Rumiche Corp. v Eisenreich,* 40 NY2d 174).

To bottom a warrant of eviction on such flimsy grounds is to denigrate landlord and tenant law.