*499 OPINION OF THE COURT
Per Curiam.
Order and final judgment dated June 14, 1996 modified only to the extent of vacating the award of punitive damages and, as so modified, affirmed, without costs.
Respondent, a rent-controlled tenant since 1976, replaced kitchen and bathroom appliances and fixtures without landlord’s prior written consent, in violation of a lease provision projected into the statutory tenancy. There is ample record evidence to support Civil Court’s findings after trial that the original apartment fixtures had fallen into a state of total disrepair and that tenant’s repeated requests for repairs were ignored. Tenant’s testimony established that the stove was broken for two years; the refrigerator compressor had stopped working; the air conditioners no longer cooled air; and the bathroom and kitchen cabinets had rotted as a result of unrepaired leaks. At various times, tenant was advised by the building superintendent to do the work himself or was promised that the work would be performed. Written requests for painting—submitted as early as 1980 and 1984—and a written notice about leaks in 1987 were not responded to. Civil Court found tenant’s testimony that repairs were requested and refused “entirely credible”, and implicitly rejected the claims of landlord and the superintendent that no complaints had been received.*
It is apparent that in the case before us, “there was insufficient proof of any repair or alteration which could be characterized as one causing permanent or lasting injury to the premises” or proof that tenant’s improvements could not be removed at minimal expense or damage (Rumiche Corp. v Eisenreich, 40 NY2d 174, 180). In analogous circumstances, we have previously held that a tenant’s installation of new kitchen appliances (a stove, sink, cabinets, linoleum and refrigerator) in place of the old (and allegedly defective) appliances did not warrant forfeiture of a rent-regulated tenancy (Garay v Devine, NYLJ, Oct. 27, 1989, at 21, col 1 [App Term, 1st Dept]).
The cases cited in the dissent are distinguishable, in that they reflect fact patterns where the replaced fixtures were not defective (Britton v Yazicioglu, 189 AD2d 734) or where the tenant made structural changes that “could not be removed without injury to the freehold” (Freehold Invs. v Richstone, 34 NY2d 612, 613). By contrast, in the matter at hand the new *500 appliances are merely substitutes for broken and dangerous ones of the same type and function, and obviously necessary to the intended use of the apartment as a residence. It need be emphasized that tenant proceeded only after his numerous requests for repairs and maintenance went unheeded. “In such circumstances, it would be unrealistic not to expect tenants themselves to provide desirable amenities which rent-controlled landlords will not furnish” (Rumiche v Eisenreich, supra, at 178-179).
In summary, the record demonstrates that tenant’s appliances and fixtures were defective and that the landlord had notice of these conditions. The bottom line is that it makes no sense to view a tenant’s replacement of broken appliances with working ones as a breach of a valid tenancy.
We modify only to the extent of vacating the trial court’s award of punitive damages. While the parties have had a somewhat acrimonious history, we do not find conduct involving such a high degree of moral turpitude or criminal indifference to civil obligations warranting imposition of a penalty (Ciraolo v Miller, 138 AD2d 443). We particularly note the absence of record housing or building code violations affecting tenant’s premises.

 Landlord did not produce records of complaints maintained by his office.