Parness, J.
(dissenting). I respectfully dissent from so much of the majority opinion as affirms the dismissal of the holdover petition. Paragraph 5 of tenant’s residential lease, projected into his statutory tenancy, provides: “Tenant shall make no changes, alterations or improvements of any kind in or to the demised premises without landlord’s prior written consent” (emphasis added). In clear violation of this express prohibition, tenant installed new cabinets and a dishwasher in the kitchen, replaced the stove and refrigerator, and, in the bathroom, replaced the vanity, sink, and cabinet mirrors. After the work, tenant provided landlord with a list of the repairs and their cost (approximately $11,000) and requested reimbursement.
The nature and extent of the physical alterations in this case, undertaken without landlord’s permission, constituted a significant violation of the “no alterations” clause (Freehold Invs. v Richstone, 34 NY2d 612; Britton v Yazicioglu, 189 AD2d 734). Indeed, the scope of the alterations in this case substantially exceeds that which was found improper in the cases cited. To portray this case as merely one of replacing appliances is to disguise what was a complete “makeover” of the kitchen and bathroom, and essentially reads the “no alterations” clause out of existence.
*501 The issue is not whether tenant committed waste, but whether he violated his express covenant not to make changes “of any kind” without express permission. This he undeniably did by any fair standard. Rumiche Corp. v Eisenreich (40 NY2d 174), relied upon by Civil Court and the majority, is inapposite since that case did not proceed upon a traditional breach of lease theory, but was decided under New York City Rent, Eviction and Rehabilitation Regulations former § 52 (a) (now 9 NYCRR 2204.2 [a] [1]) requiring proof that the tenant had willfully violated a substantial obligation of the tenancy by “inflicting serious and substantial injury upon the landlord”.
Notably, the only evidence below with respect to the conditions which were allegedly in need of repair was tenant’s own testimony at trial. The record shows, however, that no written complaints were made either to the landlord or Division of Housing and Community Renewal concerning these conditions, though there was considerable correspondence in connection with tenant’s continuing dispute with respect to painting and certain leaks.* Nor were any housing violations recorded against the apartment. Tenant’s assertion of an apparent simultaneous disintegration in the items he replaced is scarcely believable, and belies his actual intent which was to remodel the kitchen and bathroom. Certainly, the installation of a dishwasher where none previously existed and which was expressly proscribed by the lease, reveals tenant’s true purpose here.
As a consequence of rent regulation, tenants such as the respondent are permitted to retain apartments at rent levels substantially below the market. In return, the rent regulations authorize landlords to obtain certain modest increases to the maximum rent where the tenant has accepted and is receiving the benefit of new equipment or services (9 NYCRR 2202.4). Tenant’s unilateral replacements and improvements within the apartment premises effectively deprived landlord of his rights under the same regulatory scheme which affords eviction protection to the tenant. The advent of rent regulation, which allows tenant to occupy a residence on East 63rd Street in Manhattan at a monthly rental of $475, has not abrogated the basic common-law principle that the right to make use of leased premises does not confer the right to make alterations which constitute acts of ownership (1 Rasch, New York Landlord and Tenant—Summary Proceedings § 15:7, at 677 [3d ed]).
*502 I concur with the majority that this is not a proper case for imposing punitive damages.
The final judgment should be reversed and a possessory judgment granted in landlord’s favor, with leave to tenant to cure pursuant to RPAPL 753 (4).
Ostrau, P. J., and Freedman, J., concur; Parness, J., dissents in a separate memorandum.

 The last written complaint was in 1987.