West 115 11-13 Associates LLC, Petitioner-Landlord-Appellant, -
against
Kettly Pierre, Respondent-Tenant-Respondent, -and- Patrick Simeon and Mercedes Jin Louise, Respondents-Undertenants-Respondents.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about April 17, 2018, after a nonjury trial, dismissing the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Jack Stoller, J.), entered on or about April 17, 2018, affirmed, with $25 costs. 
On a nonjury trial, the decision of the fact-finding court should not be disturbed on appeal unless the court's conclusions could not have been reached under any fair interpretation of the evidence (see Thoreson v Penthouse Intl., Ltd., 80 NY2d 490, 495 [1992]). Applying that review standard here, we sustain the posttrial dismissal of this holdover proceeding, premised upon allegations that the stabilized tenant breached a substantial obligation of the tenancy and committed a nuisance by making incurable illegal alterations to the subject apartment. A fair interpretation of the evidence supports the finding that landlord failed to establish that the alterations caused lasting or permanent injury to the premises that was incapable of meaningful cure (see Grove Equities LLC v Butensky, 61 Misc 3d 130[A], 2018 NY Slip Op 51409[U] [App Term, 1st Dept 2018]; 201 W. 54th St. Buyer LLC v Rodin, 47 Misc 3d 154[A], 2015 NY Slip Op 50863[U] [App Term, 1st Dept 2015]; cf. 259 W. 12th, LLC v Grossberg, 89 AD3d 585 [2011]). In this regard, it was undisputed that, prior to the trial, tenant retained landlord's own expert witness, a plumber, to cure the defects arising from tenant's switching of the location of the sink and stove, and that their current configuration is now legal. In addition, the trial evidence, including the testimony of landlord's own project manager, established that the cabinets installed by tenant could be easily removed, and that the countertop, floor and backsplash were comparable to work landlord had done elsewhere in the building. With respect to the other work [*2]performed by tenant, "there was insufficient proof of any ... alteration which could be characterized as one causing permanent or lasting injury to the premises" (Mengoni v Passy, 175 Misc 2d 498 [App Term, 1st Dept 1997], affd 254 AD2d 203 [1988], quoting Rumiche Corp. v Eisenreich, 40 NY2d 174, 180 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 31, 2019